UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ALTON DARTEZ                         :         CIVIL ACTION NO. 2:15-cv-2225

VERSUS                                :         JUDGE MINALDI

MORRIS LAZAR ET AL.          :         MAGISTRATE JUDGE KAY

MEMORANDUM ORDER

Before the court are two Motions to Strike [docs. 10, 16] filed by plaintiff Alton Dartez ("plaintiff") relating to the Answers to Amended Complaint [docs. 8, 15] filed by defendants America's Pizza Company, LLC ("APC") and Morris Lazar ("Lazar") (collectively, "defendants"). The plaintiff asks this court to strike certain defenses raised by the defendants in their answers to his amended complaint.

I.
BACKGROUND

This suit arises from the defendants' alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, by failing to make a Pizza Hut in Jennings, Louisiana, wheelchair accessible. Doc. 5, pp. 1–6. Both defendants have answered the complaint and the plaintiff challenges several statements in both answers. The ones at issue in APC's answer are[1]:

   1. To the extent that the plaintiff is asserting any claims untimely and beyond the applicable statute of limitations period, Defendant asserts

---

[1] The plaintiff challenged two additional defenses but withdrew these claims in his reply. *See* Doc. 14, p. 4; doc. 20, p. 1.

      the affirmative defenses statute of limitations. Moreover, Defendant asserts the defenses of estoppel and waiver.

2. To the extent that Plaintiff has failed to exhaust applicable administrative remedies for any and all of the claims asserted and to the extent that exhaustion of administrative remedies is required, Defendant asserts the defenses of prematurity and failure to exhaust administrative remedies. Defendant also assets the affirmative defenses of estoppel and waiver. Additionally, Defendant asserts the defense of want of amicable demand and notice.

3. Defendant asserts that it is not liable or responsible for any alleged actions caused by others.

4. Defendant asserts that the property at issue is an exempt and/or grandfathered property and, thus, not subject to the Americans with Disabilities Act, the regulations and/or the standards as asserted by Plaintiff. As a result, Plaintiff's claims are barred and/or Plaintiff has failed to state, as a matter of law, a cognizable claim for relief and cause of action.

5. Defendant asserts that, at all times, it has acted in good faith.

6. Defendant reserves the right to supplement and amend its defenses to assert additional affirmative defenses and other defenses and objections in this lawsuit.

Doc. 8, pp. 1–3; *see* Doc. 10, att. 1, p. 1 (list of defenses challenged in plaintiff's Motion to Strike).

Contested within Lazar's answer are several of the above defenses in addition to the following:

7. Mr. Lazar asserts any and all statutory defenses, requirements, elements and legal burdens of proof under the Americans with Disabilities Act, as amended, and under any and all applicable regulations promulgated thereto or thereunder. Mr. Lazar further asserts any and all statutory requirements under the Americans with Disabilities Act, as amended, and any other regulations pursuant thereto or related thereto.

Doc. 15, pp. 1–3; *see* Doc. 16, att. 1, p. 1 (list of defenses challenged in plaintiff's Motion to Strike).

## II.
## LAW & ANALYSIS

The plaintiff moves to strike the above defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. That rule provides that the court "**may** strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). Strikes are thus left to the district court's "ample discretion." *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

Striking part of a pleading is a "drastic remedy." *FDIC v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993). As the defendants point out, such motions are disfavored and only appropriate "when the pleading to be stricken has no possible relation to the controversy." *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 645 (N.D. Tex. 2007). Accordingly, they generally are only granted when it is shown "that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense **and** that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Niblo*, 821 F.Supp. at 449 (emphasis added).

The plaintiff asserts that the above defenses are legally insufficient, impertinent, and/or redundant, and that he is prejudiced in various ways by their presence in the instant suit. After considering each of his claims, we find that he has not satisfied both prongs with respect to any challenged statement and is therefore not entitled to the drastic remedy of a strike.

### III.
#### CONCLUSION

For reasons stated above, the Motions to Strike [docs. 10, 16] are **DENIED**.

THUS DONE this 27th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE